```
          IN THE UNITED STATES DISTRICT COURT
       FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

```
DAVID WOODS,                    :     CIVIL ACTION
                                :
          Petitioner,           :     NO. 05-723
                                :
     v.                         :
                                :
JAMES L. GRACE, ET AL.,         :
                                :
          Respondents.          :
```

**O R D E R**

**AND NOW**, this **24th** day of **April, 2006,** upon consideration of the Report and Recommendation of United States Magistrate Judge Charles B. Smith (doc. no. 7) and petitioner's objections (doc. no. 9), it is hereby **ORDERED** that the Report and Recommendation is **APPROVED** and **ADOPTED**.[1]

---

[1]  *Pro se* petitioner filed objections to the Report and Recommendation. In the Report and Recommendation, Magistrate Judge Smith provided a thorough and complete discussion concerning the untimeliness of petitioner's writ of habeas corpus under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Petitioner's conviction became final in 1988 and the one-year, post-AEDPA grace period expired in 1999. Petitioner, however, did not file his habeas petition until February 2005.

Petitioner objects to Magistrate Judge Smith's conclusion that, in these circumstances, the unavailability of state court records does not constitute "extraordinary circumstances" warranting equitable tolling. See <u>Miller v. N.J. Dep't of Corr.</u>, 145 F.3d 616, 618 (3d Cir. 1998). (Report & Recommendation 6-7.)

The Court agrees with Magistrate Judge Smith. Petitioner has failed to identify what records he is referring to and does not demonstrate how the absence of these records prevented him from timely filing his federal habeas petition. In any event, records or transcripts are not necessary to file a § 2254 habeas petition. The form for habeas corpus applications is

**IT IS FURTHER ORDERED** that the Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254 (doc. no. 1), is **DENIED** and **DISMISSED**.

**IT IS FURTHER ORDERED** that there is no probable cause to issue a certificate of appealability.

**AND IT IS SO ORDERED.**

 S/Eduardo C. Robreno
**EDUARDO C. ROBRENO, J.**

---

designed with the incarcerated, *pro se* petitioner in mind.  Only basic information is required to preserve a habeas claim.  In sum, petitioner is simply unable to point to any extraordinary circumstances entitling him to equitable tolling.

2